## WARNER and CARYL vs. BARKER and HALSTEAD.

A demand against a private association of company cannot be set off against a note payable to the agents of such company, and prosecuted by them in their individual names, although the note was taken for the benefit of, and belongs to the company. Nor can a demand belonging to one of two defendants jointly sued be set off against a demand against both defendants.

THIS was an action of assumpsit, tried at the Ontario circuit in January, 1829, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The plaintiffs and the defendant Barker were members of a private association called the Union Line Stage Company. A post coach, 8 horses and 2 sets of harness were sold by the plaintiffs to the defendant, amounting together to the sum of $950. A bill of the sale was made out dated 27th March, 1827, on which the defendant was credited the whole amount, comprising in the items of credit two notes of $235 each, one payable at six, the other at twelve months ; and underneath the bill was written an agreement, signed by the plaintiffs, (Warner designated as president, and Caryl as director of the company,) promising, as soon as it could be ascertained what the defendant's stock in the company was worth, to endorse the amount on his note payable in one year from the eighteenth day of April *instant;* and further agreeing that the balance due him, if any, up to the 1st day of April, should also apply on the note. A note was given by Barker, and Halstead as his surety, for the sum of $235, bearing date 18th April, 1827, payable to the plaintiffs one year after date ; for the recovery of which this action was brought.

The defendants claimed to be allowed, as a set-off against the note, a demand against the Union Line Stage Company, purchased by Barker of one Joseph Failing, who held the

certificate of Warner, as president of the board, that there was due to him, from the Union Line Stage Company, $205, 71. The certificate was obtained on the 10th February, 1827, and shortly afterwards, and previous to the commencement of this suit, it was transferred by Failing to Barker, one of the defendants. Notice of the transfer was given to Warner, who said he would set off the amount of the certificate against Barker's note last payable. The defendants offered to prove by parol, a resolution of the company at one of their meetings, that any debts which should be paid by a stockholder should be allowed by the company against any note they might hold against him ; but it appearing that written minutes were kept of the proceedings at the meetings of the company, by a secretary of the company, and such minutes not being produced, or their absence accounted for, the evidence was objected to and rejected. The defendants proved that the plaintiffs were the agents of the company to sell the property and collect the debts of the company. A verdict was taken for the plaintiffs for the amount of the note, subject to the opinion of this court whether the set-off ought to be allowed ; and if the same was allowed, the verdict to be modified accordingly. The cause came before the court on a case made.

A. R. *Dann*, for plaintiffs.

L. F. *Stevens*, for defendants.

*By the Court*, MARCY, J.   The point in this case deserving most attention is that which relates to Barker's claim to set off the demand bought by him of Failing against the Union Line Stage Company.   When Failing stated to Warner, one of the plaintiffs, that he had transferred his claim against the company to Barker, Warner observed that it should be set off against the note given by Barker last due, that is, the note, as appears satisfactorily by the evidence, on which this suit is brought.   This set-off is resisted on the ground that it is not between the parties to the record.   The question is fairly presented, whether a set-off can be allowed between parties in interest, but who are not parties on the record ?

ALBANY,
October, 1829.

Warner
v.
Barker.

The decisions under the English statute of set-off have been extended to parties in interest; but our statute has provisions not found in the English act, and it has received a different construction. The provision which directs a balance to be certified in favor of the defendant, in case his claim shall exceed that of the plaintiff, has given rise to a difference in the construction of the two statutes.

Where the plaintiff prosecutes a trustee, the defendant, under our statute, cannot set off a demand against the *cestui que trust.* (5 Cowen, 231.) It appears from the case of *Wolfe* v. *Washburn*, (6 Cowen, 261,) that a demand, to be the subject of a set-off at law, must be between the parties to the suit; if it be due from the plaintiff and another to one of two defendants, it cannot be set off.

It cannot be pretended, if the demand here offered as a set-off had exceeded the demand claimed by the plaintiffs, that both defendants would have been entitled to the balance. Halsted, one of the defendants, had no interest in the demand offered to be set off; nor would the plaintiffs have been liable alone for such balance: the demand offered as a set-off was due from the Union Line Stage Company, and not from the plaintiffs, the officers of that company.

The set-off is also claimed on the ground of an agreement to allow it on the demand for which this suit is brought. The parol proof of what was contained relative to this subject in the minutes of the company having been, as I think, properly rejected, the only evidence of the agreement is the declaration of Warner to Failing, that he would allow it to Barker on this demand. This declaration to a third person, who then had no interest in the matter to which it related, and made without any consideration, does not, I apprehend, preclude the plaintiffs from interposing any legal objection to the set-off which would exist but for such declaration. I am therefore of opinion that the claim against the Union Line Stage Company, purchased by Barker of Failing, is not a proper subject of set off against the note for the recovery of which this action was brought.

Judgment for plaintiff.