New trial granted, costs abide event.

---

THE LONG ISLAND BANK <i>vs.</i> TOWNSEND and others.

In a suit by a bank on a promissory note against an accomodation-maker, and two joint indorsers for whose benefit the note was made, it appeared that, after the note had been protested, one of the indorsers made deposits with plaintiff on his individual account. *Held*, that the plaintiff should not have applied the deposits on the note without the assent of the party who made them, and that they are not to be regarded in this suit as so much towards payment of the note.

ASSUMPSIT on two notes against makers and indorsers, one for $1137.68, payable to the order of Manly & Clark in four months, dated November 26th, 1841, the other for $750.00, to the order of the same payees, in ninety days, dated January 21st, 1842. Both were made by J. & C. Townsend, in-

Long Island Bank v. Townsend.

dorsed by the payees and discounted by the plaintiffs. The notes were duly protested and the indorsers made no defence

After the first note fell due and was protested, one of the makers called at the bank, and informed the cashier that they were accommodation makers and that the indorsers were to take care of the paper; that they had assigned property on security and he would transfer it to the bank; the cashier proposed to take it, but the offer was not complied with.

It appeared on the trial that the firm of Manly & Clark (the indorsers) had a running account with the bank, which was still open, the last transaction was the 15th March 1842, and a balance against them of $10.02. The firm failed about the time the notes fell due. It further appeared, that Manly, one of the firm, had an individual account with the bank, and that after the notes fell due and were protested cash deposits had been made for notes discounted, and collections made for and on his private account.

The defendants (the makers) insisted, that these several sums should have been applied by the bank upon the notes of the firm, and ought now to be regarded as payment as far as they would go. But the judge ruled otherwise and directed a verdict for the plaintiffs. Defendants move for a new trial on a bill of exceptions.

*By the Court*, NELSON, Ch. J. Assuming that Manly & Clark were principals upon the notes, and the firm bound to take up the paper, it is clear the plaintiffs had no right to apply the private funds of one of the members in their hands in payment without his assent, and the case negatives any such inference. Even had the funds belonged to the partners they could not have been so applied without their assent express or implied; the plaintiffs would have been compelled to resort to their right of set off. But here the cash deposits being made to the credit of the private account of one of the firm, had a suit been brought against them, to recover the amount, the notes could not have been set off against the demand, being held on a different right, and against different parties. A demand against the firm can

not be set off against the private claim of one of the part-
ners.  (1 Caine, 323; 6 Cow., 261; 3 Wend., 400; Collier on
Part., 446, ed. of 1839.)

The case of *Baker* vs. *Stackpoole,* 9 Cow., 420, is not ap-
plicable.

There K., the partner, consented to the application, but
the creditor sought to retain the money for other purposes
and enforce the collection of the partnership demand, re-
fusing to apply it to the extinguishment of that debt.

The court held, under such circumstances, he could not
wait till K. became further indebted to him, and then ap-
propriate the money to the payment of the new individual
indebtedness, leaving the joint demand open and unsatisfied.

New trial denied.